UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEFFREY P. LOWER,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-412

Magistrate Judge Michael J. Newman
(Consent Case)

___

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET.**

___

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 10. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 15), Plaintiff's reply (doc. 16), the administrative record (doc. 7),[1] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of February 28, 2012. PageID 142. Plaintiff claims disability as a result of a number of impairments including, *inter alia*, lumbar spine degenerative disc disease and mild degenerative disc disease of the cervical and thoracic spine. PageID 145.

___

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of his application, Plaintiff received a hearing before ALJ Elizabeth Motta on July 25, 2016. PageID 103-33. The ALJ issued a written decision on November 2, 2016 finding Plaintiff not disabled. PageID 142-57. Specifically, yhe ALJ found at Step Five that, based upon Plaintiff's Residual Functional Capacity ("RFC") to perform a reduced range of sedentary work,[2] "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]" PageID 156.

Thereafter, the Appeals Council denied Plaintiff's request to review the ALJ's decision, making her non-disability finding the final administrative decision of the Commissioner. PageID 44-45. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B.    Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 142-57), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 15), and Plaintiff's reply (doc. 16). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

### II.

### A.    Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46

---

[2] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

(6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

Plaintiff argues, and the undersigned agrees, that the ALJ failed to carry her burden at Step Five of the sequential evaluation. PageID 1062. Specifically, in determining that significant jobs exist in the economy which Plaintiff can perform, the ALJ erred when she relied on the testimony given at the hearing by the Vocational Expert ("VE").

"In order for a VE's testimony to constitute substantial evidence that a significant number of jobs exist," the hypothetical question asked of the VE "'must accurately portray a claimant's physical and mental impairments.'" *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011). A VE's response to a hypothetical question that accurately portrays the claimant's impairments constitutes substantial evidence for determining whether or not a disability exists. *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 845 (6th Cir. 2005) (citing *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)).

Here, the ALJ posed the following hypothetical to the VE:

4

> Please assume an individual with the same age, education and work experience as the claimant and who would be limited to lifting no more than ten pounds… occasional postural activities… no exposure to hazards… simple repetitive tasks and no strict production quotas or fast pace… and the individual needed a cane to ambulate.

PageID 132-33. In response, the VE testified that Plaintiff would be able to perform sedentary unskilled jobs, including an inspector, document preparer, and sorter. PageID 133. Based on the VE's assessment that there are 200,000 of these jobs available for Plaintiff in the national economy, the ALJ found Plaintiff not disabled. PageID156. The ALJ's reliance on the VE's testimony, in this regard, was error because the testimony was not in response to an accurate portrayal of Plaintiff's impairments.

While the ALJ's hypothetical accurately portrayed Plaintiff's need to ambulate with a cane, it did not reflect that Plaintiff also needs a cane to stand. PageID 133. The ALJ need only include those limitations that he or she accepts as credible. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). To that end, the ALJ accepted as credible that Plaintiff was limited to ambulating with a cane. PageID 151. In so doing, the ALJ cited Plaintiff's progress report from the Department of Veterans Affairs, PageID 145, which documented that Plaintiff's use of a cane was "constant." PageID 606. The ALJ erred, however, in failing to explain how the credited progress report did not also support a limitation of standing with a cane. *Howard v. Comm'r of Soc. Sec.,* No. 3:14-cv-364, 2015 WL 8213614, at *4 (S.D. Ohio Dec. 9, 2015) ("[T]he ALJ must meaningfully explain why certain limitations are not included in the RFC determination -- especially when such limitations are set forth in opinions the ALJ weighs favorably"). The ALJ's error is more glaring in light of Plaintiff's testimony at the hearing that supports such a limitation. PageID 121. Specifically, Plaintiff certified his need for a cane "even when [he is] not walking as in forward progress, but standing in one spot." *Id*.

Moreover, despite overlooking this limitation in the RFC, the ALJ found elsewhere that Plaintiff "uses a cane when standing and walking," PageID 144, and that the Dictionary of Occupation Titles is not applicable to "a restriction that would allow for the use of a cane when *standing and walking as included in the RFC* described at Finding 5." PageID 156 (emphasis added). Whether through oversight or purpose, the hypothetical posed to the VE was not an accurate portrayal of the impairments the ALJ ostensibly granted credence to. Thus, the ALJ was not permitted to rely on the VE's testimony. *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 467 (6th Cir. 2003) (finding that the ALJ could rely on the conclusions of the VE only where "the vocational expert's testimony was in response to a hypothetical question that accurately reflected [Plaintiff's] impairments").

The Commissioner contends that this error was harmless because the jobs cited by the VE are sedentary and occur "at a bench." PageID 1075. But this testimony by the VE was in response to an inquiry regarding the amount of ambulating a job required, and it is unclear whether the two of the three jobs identified by the VE require sitting or standing at a bench. Thus, without a an accurate hypothetical, the undersigned finds the ALJ has failed to meet her burden at Step Five. *See e.g., Howard v. Astrue*, No. 1:12-cv-73, 2012 U.S. Dist. Lexis 143911, at *21-22 (N.D. Ohio Oct. 4, 2012) (Reversing non-disability finding where the ALJ failed to consider the VE's testimony that "the inspector position would be a problem for the hypothetical person who uses a cane for balance [while standing]").

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C.

6

§ 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  April 9, 2019              s/ Michael J. Newman
                                  Michael J. Newman
                                  United States Magistrate Judge